IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-41827-TLS |
| | ) | |
| DAVID D. MARTI, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

      Hearing was held in Lincoln, Nebraska, on January 28, 2009, on confirmation of Debtor's Second Amended Chapter 13 Plan (Fil. #103), an Objection by Debtor (Fil. #108), and an Objection by the Chapter 13 Trustee (Fil. #110). John C. Hahn appeared for Debtor, and Marilyn Abbott appeared on behalf of the Chapter 13 Trustee.

      This is the second time plan confirmation has been in front of this Court in connection with this case. In a Memorandum decision filed August 4, 2008 (Fil. #72), confirmation of Debtor's proposed plan was denied. This Court found that "[i]t is clear that despite the results of the means test, this Debtor has substantial income and has the ability to pay all creditors in full." Specifically, this Court found that under the unique circumstances of the case, Debtor has failed to meet the good faith requirements of 11 U.S.C. § 1325(a)(3) and (7). Further, this Court found that Debtor has the ability to pay all creditors in full.

      Subsequent to this Court's prior order, Debtor filed a Motion to Borrow (Fil. #88) and the Chapter 13 Trustee objected (Fil. #91). At the time of the motion to borrow, Debtor lived in a home in Lincoln, Nebraska, valued in his schedules at $135,000.00 with indebtedness against the home exceeding $126,000.00. Debtor purchased a home in Omaha, Nebraska, where he is currently employed, for a purchase price of $247,000.00. Two hundred forty thousand dollars of the purchase price was financed by the seller. Debtor intends to sell the Lincoln home. The Chapter 13 Trustee objected to the motion to borrow because the Chapter 13 Trustee did not want the additional indebtedness for the home in Omaha to impair Debtor's obligation to pay unsecured creditors in full pursuant to the terms of this Court's Memorandum decision (Fil. #72). This Court granted the motion to borrow, finding that:

> Since counsel for Debtor represented that Debtor will propose for confirmation an amended plan that specifically provides for payment of all unsecured creditors in full, and since it does not appear that Debtor should be subjected to double house payments for any extended length of time, the motion to borrow should be granted.

      Debtor has now filed his second amended plan which proposes monthly payments in the amount of $2,070.00 for a period of 60 months. In addition, in order to have sufficient funding to pay all claims in full, Debtor's plan proposes a lump sum payment in the amount of $32,000.00 "before completion of the plan." The Chapter 13 Trustee objected, stating essentially that Debtor has the financial ability to increase the monthly plan payment in order to pay a sufficient amount

into the plan to pay all claims in full without the need for a lump sum payment at an indeterminate date in the future. Further, the Chapter 13 Trustee objected because there is no certainty as to whether or when Debtor would have the $32,000.00 to pay the lump sum payment.

The Chapter 13 Trustee urged the Court to review Debtor's Schedules I and J using the projected disposable income analysis set forth by the Eighth Circuit Court of Appeals in *In re Frederickson*, 545 F.3d 652 (8th Cir. 2008). That decision of the Eighth Circuit came after this Court's prior order denying confirmation of Debtor's first plan.

The background facts of this case were fully discussed in this Court's earlier decision and will not be repeated here. Debtor was unemployed for a period of time pre-petition and, therefore, had little or no "current monthly income." Thus, for purposes of the projected disposable income analysis of 11 U.S.C. § 1325(b), Debtor is a "below-median" debtor and, therefore, Debtor's projected disposable income is not based on Form 22C, but instead is based on an analysis of Schedules I and J. *In re Frederickson*, 545 F.3d 652, 658 (8th Cir. 2008).

On January 27, 2009, Debtor filed amended Schedules I and J (Fil. #123), along with copies of Debtor's final pay stubs for December 31, 2008. According to those amended schedules, Debtor's monthly "net" income is $323.32. However, it appears Debtor has artificially reduced his monthly net income. First, on the income side, Debtor shows gross wages of $18,813.00 per month on Schedule I. However, Debtor's pay stubs indicate gross pay of $19,229.67, a difference of approximately $416.00 per month. In addition, Debtor's pay stubs refer to a "bonus" of $20,712.00, which amounts to income of $1,726.00 pro rated on a monthly basis. Debtor's Schedule I also deducts payroll taxes and social security taxes in the amount of $6,478.21 per month, but according to Debtor's pay stubs the actual amount of payroll and social security taxes deducted each month amounts to approximately $5,575.00, for a difference of approximately $900.00 per month. Some of that difference can probably be explained as taxes on the bonus, but not the entire $900.00 difference.

On Debtor's amended Schedule J, he has deducted real estate taxes for his Lincoln residence in the amount of $225.00 per month, as well as additional expenses related to the Lincoln residence in the amount of $1,574.18 per month. Debtor deducted those expenses in addition to his expenses related to his home in Omaha. Clearly, Debtor has agreed that double housing expenses should not be factored into his obligation to pay under his Chapter 13 plan. Further, Debtor is attempting to sell the Lincoln residence and should not have the Lincoln expenses for any significant period of time.[1]

Debtor further attempts to deduct $1,000.00 per month for ongoing legal fees without any explanation as to how that amount was calculated or whether such amount would be expected to continue throughout the entire term of the Chapter 13 plan. Debtor also deducted $1,800.00 for past

---

[1]Specifically, Debtor has little or no equity in the Lincoln residence and, at some point, rather than continue to pay expenses, Debtor should simply surrender that home.

due amounts owed to an ex-spouse despite the fact that Debtor is proposing to pay that amount from net income through the Chapter 13 plan.

When the foregoing extra income amounts (bonus of $1,726.00 per month and base pay of an additional $416.00 per month) are factored in and inappropriate expenses are factored out (expenses related to the Lincoln residence of $1,574.18 and $225.00 per month, and the alimony of $1,800.00 per month, just to name a few), it is clear that Debtor has disposable income well in excess of $4,000.00 per month, which is undisputably sufficient to pay in full all claims through equal monthly plan payments. Debtor has not stated any valid basis for proposing that part of the plan payment be made as a lump sum payment. While it is clear that Debtor has sufficient income to make the monthly plan payments, it is not clear that Debtor will be able to save up his disposable income in order to make the lump sum payment. Therefore, for the reasons set forth above and as set forth in my earlier Memorandum decision (Fil. #72), I find that the plan as proposed by Debtor fails to meet the requirements of 11 U.S.C. § 1325(a)(3), (6), and (7) and confirmation should be denied. If Debtor would simply amend the plan to increase the monthly payment to an amount that he and the Chapter 13 Trustee agree is sufficient to pay all creditors in full, the plan can be confirmed.

IT IS, THEREFORE, ORDERED that confirmation of Debtor's Second Amended Chapter 13 Plan (Fil. #103) is denied.

DATED: February 2, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *John C. Hahn
    Marilyn Abbott/Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.